## Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody

| United States District Court | Middle District of Florida |
|---|---|
| Name<br>**Andres Rodriguez-Aguilar** | Docket or Case No.: |
| Place of Confinement:<br>**Columbia Correctional Institution**<br>**216 S.E. Corrections Way**<br>**Lake City, Florida 32025** | Prisoner No.:<br>**T62066**<br><br>8:21 CV 1031 MSS-SPF |
| Petitioner                          Respondent<br>**Rodriguez-Aguilar**           v. | **Sec'y, Fla. Dep't of Corr.** |
| The Attorney General of the State:   **Florida** ||

### PETITION

1.  (a) **Name and location of court that entered the judgment of conviction you are challenging:** Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida.

    (b) **Criminal docket or case number:** 2013-CF-017526.

2.  (a) **Date of the judgment of conviction:** May 21, 2014.

    (b) **Date of sentencing:** May 21, 2014.

3.  **Length of sentence:** 10 years imprisonment with a three-year minimum mandatory for the actual possession of a firearm.

4.  **In this case, were you convicted on more than one count or crime?** No.

5.  **Identify all crimes of which you were convicted and sentenced in this case:** Felon in possession of a firearm.

6.  (a) **What was your plea?** Not Guilty.

    (b) **If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?** N/A.

    (c) **If you went to trial, what kind of trial did you have?** Jury trial.

7.  **Did you testify at the trial?** No.

8.  **Did you appeal from the judgment of conviction?** Yes.

9.  **If you did appeal, answer the following:**

    (a) **Name of court:** Second District Court of Appeal.

    (b) **Case number:** *Rodriguez-Aguilar v. State*, 198 So. 3d 832 (Fla. 2d DCA 2016).

1

   (c) **Result:** The appellate court affirmed the conviction and sentence for the felon in possession of a firearm, but remanded the case for entry of a corrected judgment because the written judgment showed a conviction for a count, which the State nolle prossed.

   (d) **Date of result:** March 9, 2016.

   (e) **Case citation:** *Rodriguez-Aguilar v. State*, 198 So. 3d 792 (Fla. 2d DCA 2016).

   (f) **Grounds raised:** Appointed appellate counsel filed an *Anders* brief.

   (g) **Did you seek further review by a higher state court?** No.

   If yes, answer the following: N/A.

   (h) **Did you file a petition for certiorari in the United States Supreme Court?** No.

   If yes, answer the following: N/A.

10. Other than the direct appeal, have you previously filed any petitions, applications, or motions with respect to this judgment in state court? Yes.

11. If your answer to 10 was "yes," give the following information:

    (a)  (1) **Name of court:** Thirteenth Judicial Circuit Court.

         (2) **Docket or case number:** 2013-CF-017526.

         (3) **Date of filing:** March 29, 2017.

         (4) **Nature of the proceeding:** A Rule 3.850 motion.

         (5) **Ground raised:** Ineffective assistance of trial counsel for failure to investigate latent fingerprint evidence and failed to present an expert witness to substantiate Petitioner's theory of innocence.

         (6) **Did you receive a hearing where evidence was given on your petition, application, or motion?** Yes.

         (7) **Result:** Denied.

         (8) **Date of result:** June 11, 2019.

    (b) If you filed any second motion, give the same information? N/A.

    (c) If you filed any third motion, give the same information? N/A.

    (d) Did you appeal to the highest state court having jurisdiction over the action on your petition, application, or motion? Yes.

    (e) If you did not appeal to the highest state court, explain why you did not: N/A.

12.  **For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.**

**GROUND ONE:** Trial counsel offered ineffective assistance by failing to provide a Spanish speaking interpreter during pretrial conversations with Petitioner, when she does not speak Spanish and Petitioner does not speak English. At the evidentiary hearing on Petitioner's motion for postconviction relief, these pretrial conversations became the turning point of the entire claim. In its order denying Petitioner's motion, the court found trial counsel's version of the conversations more credible than Petitioner's version.

(a) Supporting facts:

The State charged Petitioner with being a felon in possession of a firearm and with carrying a concealed firearm. At trial, the following facts were adduced:

Police officers observed Petitioner enter and briefly operate a vehicle that had been reported stolen. During the pat-down upon apprehension, an officer found a loaded firearm in Petitioner's pocket. Petitioner did not testify at trial.

The jury returned guilty verdicts on both counts.

Following trial, the State filed a nolle prosequi on the carrying a concealed firearm count. The trial court sentenced Petitioner to ten years in prison with a three-year minimum mandatory term for the felon in possession charge. The appellate court affirmed the conviction, but remanded for correction of a scrivener's error. *Rodriguez-Aguilar v. State*, 198 So. 3d 832 (Fla. 2d DCA 2016).

Petitioner filed a motion for postconviction relief claiming that his trial counsel was ineffective for failing to investigate latent fingerprint evidence on the firearm and for failing to provide an expert to substantiate his theory of defense. In his motion, Petitioner claimed that his theory of defense was that the officers at the scene plated the firearm in the vehicle, that he did not have the firearm in his pocket, and that he did not drive the stolen vehicle. The trial court granted a hearing on the motion.

At the hearing, through a Spanish Court Interpreter, Petitioner testified that he was represented at trial by Melody Dietsch. In a pretrial conversation, Petitioner told her that he did not touch any firearm. He testified that when he was arrested, he was at home on his porch and was not in possession of a firearm. According to Petitioner, law enforcement officers got a gun from a car parked on the street in front of his house.

Petitioner testified that before trial, officers took his fingerprints and told him they found his prints on the gun. He testified that was impossible because he never touched the gun. Petitioner claimed that prior to trial, he told counsel that the officers had lied in their report when they said he admitted to possessing the gun. Petitioner believed he asked counsel to hire a fingerprint expert to have the gun tested. No evidence was presented at trial that his fingerprints were or were not on the gun.

At the hearing, reports were introduced from the Tampa Police Department. The reports showed that of six fingerprints found on the gun, only two were of comparison value. The Tampa Police Department Comparison Report indicated that the two prints that were of comparison value could not be matched to Petitioner's prints.

Petitioner's trial counsel gave the following testimony at the hearing:

> Initially when I spoke with my client, he was more concerned about the grand theft auto case. He advised me that he didn't steal the car, that he borrowed it from a friend, so I attempted to find out who the friend was. He didn't know the friend's name, first or last name; couldn't give me a description; couldn't tell me where we could locate him. And then when I was questioning him about the firearm he basically – that wasn't his priority. His priority was that he was just insistent that he didn't steal the car. And he really didn't give much information about how he got the gun or where he got the gun, but he did not deny that he – that he had the gun. Then at a later time, and I don't really recall whether it was before we did the violation of probation hearing or after we did the violation of probation hearing, he changed his story as to the firearm and then he told me that he never had possession of the firearm. And even when I questioned him about it being in his pants pocket his – he kept saying I don't – I didn't – I didn't have the firearm.[1]

---

[1] Trial counsel testified extensively about pretrial conversations she had with Defendant. However, during these conversations a Spanish speaking interpreter was not present. Trial counsel does not speak Spanish and Defendant does not speak English. Therefore, her testimony as to what Defendant said or did not say should be considered in light of the language barrier that exists between them. As an example of the language barrier: even when this Court appointed an interpreter at the hearing, Defendant still had problems understanding specific questions:
  Q. Did officers state in the police report and as well at trial that you had admitted to picking up that gun?
  A. No. What? What's the question?
  Q. At trial did officers testify that you had admitted to having that gun and having picked it up off the ground?
  A. No. I never had that pistol.
  Q. No. I understand. But did they testify at trial that you admitted to having the pistol?
  A. No. I never admitted that.
Furthermore, during trial, trial counsel needed an interpreter in order to speak with Defendant about his right to testify, which he ended up waving based on her advice.

4

In the postconviction court's order denying Petitioner's motion, the court found trial counsel's testimony more credible than Petitioner's testimony.

> [B]ased on their demeanors in the courtroom and because Petitioner testified at the evidentiary hearing he was arrested on his front porch, he alleged in his motion that he had advised his attorney that the officers had "recovered the firearm from inside the stolen vehicle police apprehended the Petitioner from."
>
> Based on Ms. Dietsch's testimony, the court finds that her normal course of practice was to discuss with her clients whether to send a particular piece of evidence for testing. The court finds reasonable Ms. Dietsch's testimony that she had not reason to believe she did not do so in this case in light of the fact that Petitioner changed his story about the gun. For the reasons explained above, the Court does not find credible Petitioner's testimony that Ms. Dietsch failed to discuss with him having the gun tested for prints. Additionally, the Court finds Petitioner has not presented any evidence, other than his own testimony which the Court finds incredible, that the officers lied about recovering the gun from Petitioner's pants pocket. Thus, the Court finds Petitioner has not established deficient performance.

Therefore, the postconviction court found that counsel reasonably believed she had no reason to request fingerprint analysis on the gun based on her discussions with Petitioner. The order stated that Petitioner's presented no credible evidence that officers lied about finding the gun in his pocket. The lower court determined that counsel reasonably believed that the absence of Petitioner's fingerprints on the firearm, while potentially helpful, would not have exonerated him. The court concluded that evidence of Petitioner's fingerprints not being found on the firearm would not have established prejudice.

Conclusion

By not providing a Spanish speaking interpreter during pretrial conversations, trial counsel performance was deficient. Trial counsel had no way to properly convey her thoughts to Petitioner about trial strategy. And she had no way to fully understand what Petitioner was trying to tell her, i.e. that he did not have a gun. Her testimony at the evidentiary hearing revealed how Petitioner was prejudiced by these actions. The trial court found her testimony to be more credible than Petitioner's testimony about conversations even though there was no way for the two of them to communicate accurately. Had a Spanish speaking interpreter been present during

the pretrial conversations, trial counsel would have been able to properly understand Petitioner's position that he never had a firearm.

    **(b) If you did not exhaust your state remedies on Ground One, explain why:** This claim did not come to light until the postconviction evidentiary hearing.

    **(c) Direct appeal of Ground One:**

        **(1) If you appealed, did you raise this issue?** No.

        **(2) If you did not raise this issue in your direct appeal, explain why:** This is a newly discovered ineffective assistance of counsel claim.

    **(d) Post-conviction proceedings:**

        **(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** No.

        **(2) If your answer to Question (d)(1) is "Yes," state:** N/A.

        **(3) Did you receive a hearing on your motion or petition?** N/A.

        **(4) Did you appeal from the denial of your motion or petition?** N/A.

        **(5) If your answer to Question (d)(4) is "Yes," did you appeal?** N/A.

        **(6) If your answer to question (d)(4) is "Yes," state:** N/A.

        **(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue.** N/A.

    **(e) Other Remedies: Describe any other procedure that you have used to exhaust your state remedies on Ground One:** N/A.

**GROUND TWO:** Trial counsel offered ineffective assistance by failing to have the firearm—that was alleged to have been found on Petitioner—tested for his fingerprints prior to his jury trial.

<u>(a) Supporting facts:</u>

The State charged Petitioner with being a felon in possession of a firearm and with carrying a concealed firearm. At trial, the following facts were adduced:

Police officers observed Petitioner enter and briefly operate a vehicle that had been reported stolen. During the pat-down upon apprehension, an officer found a loaded firearm in Petitioner's pocket. Petitioner did not testify at trial and the firearm was not tested for fingerprints.

The jury returned guilty verdicts on both counts.

Following trial, the State filed a nolle prosequi on the carrying a concealed firearm count. The trial court sentenced Petitioner to ten years in prison with a three-year minimum mandatory term for the felon in possession charge. The appellate court affirmed the conviction, but remanded for correction of a scrivener's error. *Rodriguez-Aguilar v. State*, 198 So. 3d 832 (Fla. 2d DCA 2016).

For a more detailed description of the supporting facts, refer to the supporting facts section in Ground One above.

Conclusion

Testing the firearm for fingerprints would have strengthened the defense's only theory of the case—that the police planted the firearm on Petitioner. Trial counsel offered ineffective assistance by failing to have the firearm tested for his fingerprints prior to his jury trial.

 **(b)**   **If you did not exhaust your remedies on Ground Two, explain why:** N/A.

 **(c)**   **Direct Appeal of Ground Two:**

  **(1)**   **If you appealed from the judgment, did you raise this issue?** No.

  **(2)**   **If you did not raise this issue in your direct appeal, explain why:** Ineffective assistance of counsel claim cannot be raised on direct appeal.

 **(d)**   **Post-Conviction Proceedings:**

  **(1)**   **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes.

  **(2)**   **If your answer to Question (d)(1) is "Yes," state:**

  **Type of motion or petition:** Rule 3.850 motion.

  **Name and location of the court where the motion or petition was filed:** Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida.

  **Case number:** 2013-CF-017526.

  **Date of the court's decision:** June 11, 2019.

  **Result:** Denied.

 **(3) Did you receive a hearing on your motion or petition?** Yes.

 **(4) Did you appeal from the denial of your motion or petition?** Yes.

 **(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?** Yes.

 **(6) If your answer to question (d)(4) is "Yes," state:**

                **Name and location of the court where the appeal was filed:** Second District Court of Appeal.

                **Case number:** *Rodriguez-Aguilar v. State*, 2020 Fla. App. LEXIS 13693 (Fla. 2d DCA 2020).

                **Date of Court's Decision:** September 30, 2020.

                **Result:** Per curiam affirmed.

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A.

(e)     Other Remedies: Describe any other procedure that you have used to exhaust your state remedies on Ground Two: N/A.

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? No.

        If your answer is "No," states which grounds have not been so presented and give your reason(s) for not presenting them: Ground One is an unexhausted ineffective assistance of counsel claim that will be advanced under the *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), exception.

    (b)     Is there any ground in this petition that has not been presented in some state or federal court? Yes.

14.     Have you previously filed any type of petition, application, or motion in federal court regarding the conviction that you challenge in this petition? No.

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? No.

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the grounds raised: N/A.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

|     |     |
| --- | --- |
| (a) | **At preliminary hearing:** Melody Dietsch, Public Defender. |
| (b) | **At arraignment and plea:** Same as above. |
| (c) | **At trial:** Same as above. |
| (d) | **At sentencing:** Same as above. |
| (e) | **On Appeal:** Petitioner does not know appointed appellate attorney's name. |
| (f) | **In any post-conviction proceeding:** Pro se. |
| (g) | **On appeal from any post-conviction proceeding:** Pro se. |

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? No.

|     |     |
| --- | --- |
| (a) | If so, give name and location of court that imposed the other sentence you will serve in the future: N/A. |
| (b) | Give the date of the other sentence was imposed: N/A. |
| (c) | Give the length of the other sentence: N/A. |
| (d) | Have you filed, or do you plan to file, any petition, that challenges the judgment or sentence to be served in the future? No. |

18. **TIMELINESS OF PETITION:**

This petition for writ of habeas corpus is timely filed pursuant to Effective Death Penalty Act of 1996. Petitioner's case became final on the date his judgment was amended, April 20, 2016. Adding the ninety (90) days for filing a petition for writ of certiorari to the United States Supreme Court brings the date to July 18, 2016. Petitioner filed his motion for postconviction relief on March 29, 2017, which became final on February 11, 2021.

**EXHAUSTION OF STATE REMEDIES**

This petition contains one claim that is unexhausted, Ground One. Petitioner contends that it would be futile for him to attempt to exhaust it, since there are currently no state collateral corrective processes available to him to do so. Therefore, Petitioner relies on *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (holding that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). Here, because Petitioner was not afforded counsel for his state initial review collateral proceedings, he is excused under *Martinez* from

exhausting his substantial grounds of ineffective assistance of trial counsel before bringing them to this Court.

Therefore, Petitioner asks that this Court to grant the following relief:

1. Remand to conduct an evidentiary hearing;
2. Vacate judgment and sentence;
3. Grant a conditional writ;
4. Any and all relief this court deems fit or as a matter of law.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 26 day of April, 2021.

_____
Andres Rodriguez-Aguilar DC #T62066
Columbia Correctional Institution
216 S.E. Corrections Way
Lake City, Florida 32025